UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MATTHEW RAY DAUNIS,<br><br>    Defendant. | No. 1:19-CR-108-H-BU |

**ORDER ACCEPTING REPORT AND RECOMMENDATION AND ORDER
REFERRING THE ISSUE OF DETENTION TO THE
UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Notice Regarding Entry of a Plea of Guilty, the Consent of the Defendant, and the Report and Recommendation Concerning Plea of Guilty of the United States Magistrate Judge. As no objections to the Report and Recommendation have been filed within fourteen days of service in accordance with 28 U.S.C. § 636(b)(1), the Court accepts and adopts the Report and Recommendation. Accordingly, the Court accepts the plea of guilty, and Daunis is hereby adjudged guilty of Enticement of a Minor in violation of 18 U.S.C. § 2422(b). Sentence will be imposed in accordance with the Court's scheduling order. The Court now refers the issue of mandatory detention pending sentencing to the Honorable Magistrate Judge Parker.

**1.    Background**

The Indictment charges a violation of 18 U.S.C. § 2422(b), that is Enticement of a Minor. On June 3, 2020, Daunis pled guilty to the charge. The Honorable Magistrate Judge Parker recommended that the plea be accepted. Having accepted that recommendation, Daunis has now been adjudged guilty of Enticement of a Minor.

## 2. Legal Standard Governing Mandatory Detention

Title 18 United States Code, Section 3143(a)(2) mandates detention after a guilty plea if the offense of conviction is among those listed in 18 U.S.C. § 3142(f)(1)(A)-(C). Section 3142(f)(1)(A) details three categories of crime—a crime of violence, a violation of Section 1591, or an offense listed in Section 2332b(g)(5)(B). Here, Enticement of a Minor is a crime of violence. A crime of violence is defined, among other things, as a felony under Chapters 77, 109A, 110, or 117 of Title 18. 18 U.S.C. § 3156(a)(4). Chapter 117 includes the statute of conviction at issue in this case—18 U.S.C. § 2422(b).

Alternatively, Enticement of a Minor qualifies as a crime subject to mandatory detention under Section 3142(f)(1)(B) as the maximum sentence is life imprisonment. 18 U.S.C. § 2422(b).

Section 3143(a)(2) details two exceptions to mandatory detention for defendants awaiting imposition or execution of a sentence. The defendant must be detained unless "(A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." *Id.* Additionally, a person otherwise "subject to detention under Section 3143(a)(2), and who meets the conditions of release set forth in Section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c).

The Court thus refers this matter to the Honorable Magistrate Judge Parker to determine whether Section 3143(a)(2)'s or Section 3145(c)'s exceptions are satisfied.

3. **Conclusion**

The issue of mandatory detention for this offense is referred to Magistrate Judge Parker for resolution.

So ordered on June 19, 2020.

                                                    JAMES WESLEY HENDRIX
                                                  UNITED STATES DISTRICT JUDGE